UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE, SOUTHERN DIVISION
AT CHATTANOOGA

BILLIE RICHMOND COLLIER, an individual;

Plaintiff,

v.

BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.;
GLAXOSMITHKLINE LLC; and JOHN DOES 1-
100 Inclusive,

Defendants.

Civil Action No. 1:21-cv-_00025_

District Judge _____

Magistrate Judge _____

JURY DEMAND

## DEFENDANTS BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S AND GLAXOSMITHKLINE LLC'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boehringer Ingelheim

Pharmaceuticals, Inc. and GlaxoSmithKline LLC (together, "Removing Defendants"), hereby give

notice of removal of this action, *Collier v. Boehringer Ingelheim Pharms., Inc., et al.*, Case No.

20C922, from the Circuit Court for Hamilton County, Tennessee. As grounds for removal,

Removing Defendants state as follows:

### INTRODUCTION

1.    This action is one of many related lawsuits filed against manufacturers and

distributors of Zantac (ranitidine) relating to cancers allegedly caused by the drug. On February

6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation

("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*,

cases "in which plaintiffs allege that they developed cancer as a result of NDMA formed from

Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L.

2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate

duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 1000 actions have been transferred to the Zantac MDL, with more (including this action) surely to follow.

2. Plaintiff originally filed this lawsuit arising out of his alleged ranitidine use in September 2020 in the Circuit Court for Hamilton County and named several defendants, including Chattem, Inc. ("Chattem")—a Tennessee corporation. On January 15, 2021, Plaintiff amended his complaint to drop Chattem from the lawsuit and served the Removing Defendants with the Amended Complaint on January 21, 2021. An Order dismissing Chattem (and co-defendant Sanofi US Services, Inc. ("Sanofi")) was entered in the Circuit Court on February 1, 2021.

3. The only remaining defendants in this case—Boehringer Ingelheim Pharmaceuticals, Inc. and GlaxoSmithKline LLC—are citizens of states other than Tennessee. Thus, this action may now be removed on the same basis of federal jurisdiction as the hundreds of other substantially similar ranitidine-related cases pending in the federal Zantac MDL: there is complete diversity of citizenship between Plaintiff and Defendants.

## BACKGROUND

4. On September 11, 2020, Plaintiff Billie Richmond Collier filed his Complaint in the Circuit Court for Hamilton County, Tennessee against five entities that Plaintiff alleged were current and former manufacturers and/or sellers of Zantac. Copies of all documents filed or served on the Removing Defendants in the Circuit Court case are attached as **Collective Exhibit A**. **Collective Exhibit B** contains copies from the Circuit Court's *In re: Zantac ("Ranitidine") Products Liability Litigation* "Master Case File" of filings that apply to all cases, and **Collective Exhibit C** contains copies of the Notices of the filing of this Notice of Removal provided to the

Plaintiff, in care of Plaintiff's counsel, and the Circuit Court Clerk, pursuant to 28 U.S.C. § 1446 (d).

5.    On January 15, 2021, Plaintiff voluntarily dismissed without prejudice all claims against Defendant Pfizer, Inc.  A copy of the Order of Dismissal is included in **Collective Exhibit B**.

6.    On January 15, 2021, as stated above, Plaintiff also filed an Amended Complaint. The Amended Complaint dropped Defendant Chattem, Inc. from the proceeding and was served on the Removing Defendants via email on January 21, 2021.  Copies of the Amended Complaint and the email of service are part of **Collective Exhibit A**.

7.    Following the filing of the Amended Complaint, on February 1, 2021, Plaintiff voluntarily dismissed without prejudice Defendant Sanofi, and on that date an Agreed Order was entered in the Circuit Court dismissing both Sanofi and Chattem without prejudice.  **See Collective Exhibit A.**

8.    The thrust of the Amended Complaint—like others in the MDL—is that Plaintiff ingested Zantac and, as a direct and proximate result, developed cancer, in this case, bladder cancer.  Am. Compl. ¶¶ 69-75.  Specifically, Plaintiff alleges that "Plaintiff's bladder cancer was caused by ingestion of Zantac" and "[h]ad any Defendant warned that Zantac could lead to exposure to NDMA or, in turn, cancer, Plaintiff would not have taken Zantac."  *Id.* ¶¶ 72-73.

9.    The Amended Complaint alleges six causes of action against Defendants: (1) strict product liability (design defect); (2) strict product liability (failure to warn); (3) negligence; (4) breach of express warranties; (5) breach of implied warranties; and (6) violations of the Tennessee Consumer Protection Act.  *Id.* ¶¶ 85-189.

- 3 -

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 123(a)(3), 1391, 1441(a), and 1446(a) because the Circuit Court for Hamilton County, Tennessee, where the Amended Complaint was filed, is a state court within the Southern Division of the Eastern District of Tennessee.

11.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and the remaining Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.     There Is Complete Diversity of Citizenship Between Plaintiff and All Defendants.**

12.     There is complete diversity of citizenship here because Plaintiff is a Tennessee citizen, and the two remaining defendants in the case are citizens of states other than Tennessee.

13.     Plaintiff asserts that he is "a Tennessee resident."  Am. Compl. ¶ 11.  Moreover, Plaintiff further asserts that he sustained his injuries in Tennessee.  *Id.*  For diversity purposes, state citizenship requires the individual to be domiciled in that state.  *See Naji v. Lincoln*, 665 Fed. App'x 397, 400 (6th Cir. 2016) (citing *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990)).  Residency serves "as prima facie evidence of a party's domicile where the record reveals no contrary indications."  *Id.* (citing *Fort Knox Transit v. Humphrey*, 151 F.2d 602, 602-03 (6th Cir. 1945) (per curiam)).  Plaintiff plainly states that he is a resident of Tennessee and no contrary indications appear in the record.  Plaintiff is, therefore, a citizen of Tennessee.

14.     For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its

- 4 -

principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company "has the citizenship of each of its members." *Delay v. Rosenthal Collins Grp.*, 585 F.3d 1003, 1005 (6th Cir. 2009).

15.     Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

16.     Defendant GlaxoSmithKline LLC is a limited liability company organized under the laws of Delaware. Its sole member is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. GlaxoSmithKline LLC is, therefore, a citizen of Delaware.

17.     Defendants John Does 1-100 Inclusive are disregarded when assessing the diversity of citizenship of the parties for removal purposes. *See* 28 U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded"); *see also Crail v. Elsmere Health Facilities, LP*, 2017 WL 2952274, at *6 (E.D. Ky. July 10, 2017) ("[T]he naming of fictitious defendants does not defeat federal diversity jurisdiction . . . The Sixth Circuit and other district courts . . . have consistently found that the citizenship of "Doe" defendants should be disregarded."); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 948 (6th Cir. 1994) (same).

18.     As stated previously, although Chattem is a corporation organized under the laws of Tennessee with its principal place of business in Bridgewater, New Jersey and therefore a citizen of Tennessee and New Jersey, Chattem was not named in Plaintiff's operative Amended Complaint filed on January 15, 2021 and served on counsel for the Removing Defendants on January 21, 2021.

19.     Therefore, no remaining Defendant is a citizen of Tennessee.[1]

20.     Accordingly, because Plaintiff is a citizen of Tennessee and all remaining Defendants are citizens of states other than Tennessee, complete diversity of citizenship exists between Plaintiff and Defendants.  *See* 28 U.S.C. § 1332(a).

## II.     The Amount in Controversy Exceeds $75,000.

21.     Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

22.     Plaintiff seeks actual or compensatory damages in the amount of $10,000,000, damages pursuant to the Tennessee Consumer Protection Act, exemplary and punitive damages, and attorneys' fees.  Am. Compl. ¶ 191; Prayer for Relief.

## III.     All Other Removal Requirements Are Satisfied.

23.     The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(3).  Though the case stated by the initial pleading was not removable, the case became removable upon Plaintiff's service of the Amended Complaint, wherein Defendant Chattem was dropped from the proceeding and it could "first be ascertained that the case . . . is . . . removable." 28 U.S.C. § 1446(b)(3).

24.     As shown in **Collective Exhibit A**, the Amended Complaint was filed on January 15, 2021, and Removing Defendants were served with the Amended Complaint on January 21,

---

[1] As stated previously, on February 1, 2021, Plaintiff dropped Defendant Sanofi US Services Inc. from this lawsuit.  Though its citizenship is therefore no longer relevant to whether diversity exists in this action, Sanofi US Services Inc. is also not a citizen of Tennessee:  it is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey.  Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

2021. Accordingly, Removing Defendants have thirty days from their receipt of the Amended Complaint—until February 22, 2021—to file this Notice of Removal. *See id.*

25. By filing this Notice of Removal, Removing Defendants do not waive any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, Removing Defendants request the opportunity to present a brief oral argument in support of their position that this case has been properly removed.

## CONCLUSION

WHEREFORE, Removing Defendants give notice that the matter bearing Case No. 20C922, pending in the Circuit Court for Hamilton County, Tennessee, is removed to the Southern Division of the United States District Court for the Eastern District of Tennessee, and request that this Court retain jurisdiction for all further proceedings in this matter.

Dated: February 12, 2021

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

By: s/ K. Stephen Powers
  K. Stephen Powers (TN BPR #007088)
  Ashley B. Gibson (TN BPR #034140)
  633 Chestnut Street
  Suite 1900
  Chattanooga, TN 37450
  Telephone (423) 209-4130
  spowers@bakerdonelson.com

*Attorneys for GlaxoSmithKline LLC*

**CHAMBLISS BAHNER & STOPHEL PC**

By: s/ Kelly Blair Etchells
  William R. Dearing (#014293)
  Kelly Blair Etchells (#035998)
  605 Chestnut Street
  Suite 1700
  Chattanooga, TN 37450
  Tel: (423) 756-3000
  wdearing@chamblisslaw.com
  ketchells@chamblisslaw.com

*Attorneys for Boehringer Ingelheim Pharmaceuticals, Inc.*

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February, 2021, a copy of the foregoing Notice of Removal was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Blair Durham
Bart Durham Injury Law
404 James Robertson Parkway
Suite 1712
Nashville, TN 37219

T. Roe Frazer II
Patrick McMurtray
Thomas Roe Frazer III
W. Matthew Petit
Frazer PLC
30 Burton Hills Blvd., Suite 450
Nashville, TN 37215

Eric J. Oliver
Jeremy M. Cothern
Patrick, Beard, Schulman &
    Jacoway, P.C.
537 Market Street
Suite 300
Chattanooga, TN 37402

*Attorneys for Plaintiffs*

This 12th day of February, 2021.

By:    s/ K. Stephen Powers
       K. Stephen Powers (TN BPR #007088)